UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-80309-CIV-ALTONAGA/Turnoff

**FRIENDS OF THE EVERGLADES,**
**FISHERMEN AGAINST DESTRUCTION**
**OF THE ENVIRONMENT, INC.,** and
**FLORIDA WILDLIFE FEDERATION**

       Plaintiffs,

**MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,**
a federally recognized Indian tribe,

       Intervenor-Plaintiff,

vs.

**SOUTH FLORIDA WATER MANAGEMENT**
**DISTRICT, et al.**

       Defendant.
_____/

### MICCOSUKEE TRIBE OF INDIANS OF FLORIDA'S OPPOSITION TO SOUTH FLORIDA WATER MANAGEMENT DISTRICT'S VERIFIED MOTION FOR AN AWARD OF COSTS

Plaintiff-Intervenor Miccosukee Tribe of Indians of Florida (the "Tribe") hereby responds in opposition to the Verified Motion for an Award of Costs, filed by the South Florida Water Management District ("SFWMD") on January 24, 2011 [D.E. 770]. For the reasons stated below, the Court should deny SFWMD's motion and should instead find that the Tribe is entitled to its fees and costs.

### BACKGROUND

This case began as two consolidated lawsuits filed in 2002 by the Friends of the Everglades, the Fishermen Against Destruction of the Environment, and the Florida Wildlife Federation (collectively, the "plaintiffs"). The lawsuits alleged that SFWMD violated the Clean

1

Water Act ("CWA") by allowing discharges of pollutants into Lake Okeechobee without NPDES permits. The Tribe intervened as a plaintiff because the back-pumping of pollutant-laden waters into the Lake without permits threatened the Tribe's environment and way of life. United States Sugar and the federal government intervened on behalf of the defendants.

In December 2006, the District Court held a bench trial and ruled in favor of the Tribe and the plaintiffs. *See* D.E. 636, 692, 693. In its decision, the Court rejected the Environmental Protection Agency's ("EPA") "unitary waters" theory and held that "in the absence of a NPDES permit, the operation of the S-2, S-3, and S-4 pump stations to backpump pollutant-containing waters from the canals in a northerly direction into Lake Okeechobee is in violation of the CWA." *See Friends of the Everglades, Inc. v. S. Fla. Water Mgmt. Dist.*, 2006 WL 3635465, at *61 (S.D. Fla. Dec. 11, 2006).

After the close of trial, but before the Court entered judgment, the EPA proposed a Rule that exempted water transfers, such as those at issue here, from the permit requirements of the CWA, and defined "water transfer" as an activity that conveys waters of the United States to another water of the United States without subjecting the water to intervening uses. *See* 71 Fed. Reg. 32887-95 (June 7, 2006). Relying on the plain statutory language, however, the Court stated that "[n]o agency interpretation, or court order for that matter, can alter the unambiguous congressional intent expressed in a statute and the Court thus rejects the interpretation proposed by the EPA." *Friends of the Everglades*, 2006 WL 3635465, at *48.

In July 2007, after prevailing before the District Court, the Tribe and the plaintiffs filed motions for attorney's fees and costs. *See* D.E. 699, 701, 703. Because the parties indicated they were negotiating with respect to reasonable fees, *see* D.E. 699 at 2, the Court

administratively termed the fee motions pending the outcome of negotiations and any appeals filed.  *See* D.E. 704.

In August 2007, the SFWMD filed an appeal with the Eleventh Circuit.  D.E. 707.  While the case was pending on appeal, the EPA issued a new Regulation adopting the "unitary waters" theory and authorizing the SFWMD's transfer of pollutants from one meaningfully distinct body of water to another without a permit.  *See* 73 Fed. Reg. 33697-708 (June 13, 2008) (the "Regulation").  The government alerted the Eleventh Circuit to the new Regulation in a highly unusual manner after briefing was complete, by way of a supplemental authority letter pursuant to Fed. R. App. P. 28(j).  Without the benefit of briefing on the new Regulation, the Eleventh Circuit found the agency action dispositive and reversed.  *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210 (11th Cir. 2009).  The panel determined that even though the "unitary waters" theory had been uniformly rejected by courts, the Regulation was entitled to deference because, in the court's view, the statutory language was ambiguous.  *Id.* at 1218-19, 1227-28.  The court of appeals declined en banc review after requesting a response on the en banc petitions and considering the case for nearly a year.  *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 605 F.3d 962 (11th Cir. 2010).

In August 2009, the Tribe and the plaintiffs filed petitions for certiorari asking the Supreme Court of the United States to review the Eleventh Circuit's decision.  *See* S. Ct. Doc. Nos. 10-196, 10-252.  Fearing that the United States may be reconsidering the "unitary waters" rule, the SFWMD responded in favor of Supreme Court review, arguing that the Eleventh Circuit erred in deferring to the EPA's interpretation because the statute unambiguously meant just the opposite of what the District Court found.  The case attracted several amicus briefs on both sides,

3

including one from the attorneys general of thirteen states. Only the United States opposed review, pointing out that the EPA was considering whether to revisit the Regulation. *See* Brief of United States in Opposition to Certiorari at 20-21. On November 29, 2010, the Supreme Court denied the petitions for certiorari. The Eleventh Circuit issued the mandate on December 2, 2010. Thereafter, SFWMD filed the instant Verified Motion for an Award of Costs.

## ARGUMENT

### A.   As An Intervenor, The Tribe Is Not Liable For Costs

SFWMD is not entitled to any award against the Tribe because intervenors who reasonably attempt to advance the purposes of the CWA are not liable for fees or costs under section 1365(d). *See Miccosukee Tribe of Indians of Fla. v. United States*, 1999 WL 33320443, at *5-*6 (S.D. Fla. Apr. 16, 1999); *Natural Res. Def. Council, Inc. v. Thomas*, 801 F.2d 457, 462 (D.C. Cir. 1986); *see also Coal. for Clean Air v. S. Cal. Edison Co.*, 971 F.2d 219, 230 (9th Cir. 1992); *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989) (losing intervenors only subject to fees "where the intervenors' action was frivolous, unreasonable, or without foundation").

The Tribe's conduct satisfies this standard. Before the District Court, the Tribe and the plaintiffs clearly presented non-frivolous arguments and reasonably attempted to advance the purposes of the CWA by arguing that the plain language of the statute forbade SFWMD from discharging pollutants into Lake Okeechobee without NPDES permits. The District Court agreed with those efforts and ruled that the plain language of the CWA required permits for the water transfers at issue. On appeal, the Tribe and the plaintiffs continued to advance the purposes of the CWA and lost only because the EPA promulgated a *post hoc* Regulation explicitly exempting from the permitting scheme water transfers between separate bodies of

4

navigable waters. Before the Supreme Court, the Tribe and plaintiffs again advanced reasonable arguments in favor of the purposes of the CWA. *See Sierra Club v. E.P.A.*, 769 F.2d 796, 811 (D.C. Cir. 1985) ("[W]hile it is true that the intervenors' petition for a writ of certiorari was eventually denied, we believe that the intervenors' decision to seek certiorari was based on a position that was far from frivolous."). Thus, throughout this litigation, the Tribe and plaintiffs took reasonable, non-frivolous positions to advance the CWA's purpose of "restor[ing] and maintain[ing] the chemical, physical, and biological integrity of the Nation's waters." *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 907 (11th Cir. 2007); 33 U.S.C. § 1251(a). Accordingly, the Court should not award fees or costs against the Tribe, as an intervenor.

### B. Even If Costs Could Be Taxed Against The Tribe, SFWMD's Request For Costs Pursuant To 28 U.S.C. § 1920 Is Untimely Under Local Rule 7.3(C)

Assuming, *arguendo*, that costs could be taxed against the Tribe, which is not the case, SFWMD's request for costs under 28 U.S.C. § 1920 is not timely under the Local Rules. Southern District of Florida Local Rule 7(C) expressly states that "[a] bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within thirty (30) days of entry of final judgment or other appealable order[.]"

Here, SFWMD did not do so. Instead, it waited until the thirtieth day from the December 2, 2010 judgment and then incorrectly submitted a bill of costs without a verified motion, as required by Local Rule 7.3. D.E. 767. As a result, within an hour of SFWMD's incorrect filing, the district court terminated the submission and stated that "[i]f Defendant wishes to move for costs, then it must file a motion in accordance with Local Rules 7.1 (a)(3) and 7.3 of the U.S. District Court for the Southern District of Florida." D.E. 768. Even though SFWMD still had time to submit a timely motion that day (as the district court's order was

5

entered in the early afternoon on the thirtieth day), SFWMD chose to sit on its rights and waited until January 24, 2011 to submit its verified motion. This will not suffice. Having failed to submit a timely motion within thirty days of the December 2, 2010 judgment, SFWMD may not recover any costs pursuant to 28 U.S.C. § 1920. The motion should be denied accordingly.

### C. Even If The Tribe Was Not An Intervenor, SFWMD Would Still Not Be Entitled To Any Award Of Costs Under The Clean Water Act

Even if Intervenors were responsible for costs, which is not the case, SFWMD should not be awarded any costs under the CWA, given the circumstances of this case. "In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985). Generally, there is a presumption that costs are to be awarded to a prevailing party, but a district court is vested with the discretion to decide otherwise. *See Chapman v. AI Transport*, 229 F.3d 1012, 1038-39 (11th Cir. 2000). When denying costs to the prevailing party, "a district court must have and state a sound basis for doing so." *Id.* at 1039.

Section 1365(d) of the CWA provides that the Court "may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d). A "prevailing or substantially prevailing party" means a party who, in some respect, succeeded in what the lawsuit aimed to accomplish. *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1532 (11th Cir. 1996). An award of fees under Section 1365(d) is authorized whenever a party's actions "tend to ensure compliance with the Act in the very manner contemplated by Congress," and when they "have served the public interest by insisting that the Clean Water Act be adequately enforced." *See Atl. States Legal Found., Inc. v. Tyson Foods, Inc.*, 897 F.2d 1128,

6

1143 (11th Cir. 1990) (quoting *Stoddard v. W. Carolina Reg'l Sewer Auth.*, 784 F.2d 1200, 1209 (4th Cir. 1986)).  Further, "[a]n award of attorney's fees in a [CWA] citizen's suit is appropriate when the moving party has advanced the goals of the Act." *Miccosukee Tribe of Indians of Fla. v. United States*, 1999 WL 33320443, at *3 (S.D. Fla. Apr. 16, 1999).

Throughout this case, SFWMD argued that no NPDES permits were required for the discharge of pollutants into Lake Okeechobee because the activity in question constituted a mere "water transfer" between separate navigable water bodies.  This "unitary waters" theory is a thoroughly-discredited interpretation,[1] *see Friends of the Everglades*, 570 F.3d at 1218 ("all of the existing precedent and the statements in our own vacated decision are against the unitary waters theory"), which does not further the purpose of the CWA "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters," *see Leavitt*, 488 F.3d at 907; 33 U.S.C. § 1251(a).  A litigation position which maintains that pollutants may be discharged without permits plainly does not further these statutory purposes.  Under the circumstances present here, therefore, the Court should exercise its discretion to not award costs to SFWMD. *See, e.g.*, *Florida v. Elsberry*, 1985 WL 6278, at *3 (N.D. Fla. Nov. 26, 1985) ("[T]he trial court does have discretionary authority to deny costs to the prevailing party.").

Moreover, SFWMD is not entitled to costs because the district court rejected its "unitary waters" argument as inconsistent with the plain language of the CWA, and SFWMD obtained reversal solely because its legal argument was codified in the Regulation in the middle of the

---

[1] Indeed, the propriety of the Regulation is the subject of several administrative challenges pending in the Eleventh Circuit Court of Appeals and in various district courts across the country.  *See, e.g.*, *Friends of the Everglades v. EPA*, Consolidated Case No. 08-13652 (11th Cir.); *Catskill Mountains Chap. of Trout Unlimited, Inc. v. EPA*, Case No. 08-civ-5606 (S.D.N.Y.).

appeal. Prevailing party costs are not warranted where reversal is achieved merely because of a change in the law. *See, e.g.*, *Milton v. Shalala*, 17 F.3d 812, 814 (5th Cir. 1994) (costs and fees denied where "[a]ppellants won because of a change in the law; we therefore reject their argument that they prevailed because of their law suits"); *Petrone v. Sec'y of Health and Human Servs.*, 936 F.2d 428, 430 (9th Cir. 1991) (costs and fees denied where "[appellant] did not win . . . in the courtroom; she won because Congress changed the law"). As such, SFWMD is not entitled to an award of costs as the prevailing party here.

> **D.    Even If Costs Could Be Taxed Against The Tribe And Even If The Motion Was Timely, SFWMD Has Not Shown That It Is Entitled To The Full Amount It Seeks**

Assuming, *arguendo*, that costs could be taxed against the Tribe and that SFWMD was timely under the Local Rules, which is not the case, SFWMD has failed to establish its entitlement to the full award it seeks. The party seeking the award of costs bears the burden to support the claim, and when the opposition objects, the moving party must show that "the amounts to which [the opposition] has objected were reasonably incurred for items covered by 28 U.S.C. § 1920." *See Walker v. Bozeman*, 243 F. Supp. 2d 1298, 1308 (N.D. Fla. 2003). While 28 U.S.C. § 1920(2) permits the taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," SFWMD has not carried its burden to show that it is entitled to $26,213.68 for this category of costs. "Whether transcripts have been 'necessarily obtained for use in the case,' or merely for the convenience of counsel, is to be determined on a case-by-case basis." *Diaz v. AIG Mktg., Inc.*, 2010 WL 2541872, at *3 (S.D. Fla. June 01, 2010).

Here, SFWMD has submitted a mere self-serving chart entitled "Monies Paid to Barbara Medina – Court Reporter." It does not identify the proceedings to which the transcripts pertain, whether trial or appellate, and provides no explanation or legal basis for trial transcript reimbursement. In fact, other than unexplained dates and dollar amounts, SFWMD does not provide any information as to whether the transcripts were "necessarily obtained for use in the case," as required by section 1920(2), nor does it provide the "itemization and documentation" required by the bill of costs form, *see* U.S. Courts Form AO 133 (Bill of Costs), *available at*: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO133.pdf. Such information is crucial because not all expenses associated with transcripts are recoverable under the statute. *See, e.*g., *K.M. v. Sch. Bd. of Lee County, Fla.*, 2006 WL 2506960, at *2 (M.D. Fla. Aug. 9, 2006), *report and recommendation adopted by* 2006 WL 2506673 (M.D. Fla. Aug. 28, 2006) (costs associated with expediting transcripts were not taxable under 28 U.S.C. § 1920(2)). Lacking such information, the Court cannot determine whether or not the transcription costs are allowable and, accordingly, must deny them to SFWMD. As explained under similar circumstances in *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997):

> Plaintiffs' next category of claimed costs is for $1,364.50 for court reporter fees and transcripts "necessarily obtained for use in the case." Such costs can be recovered under 28 U.S.C. § 1920(2) if they are properly documented. Plaintiffs merely recite the names of court reporters and court reporting services and the amounts paid to each. . . . Plaintiffs have failed to produce any documentation supporting their requested costs. Under these circumstances, the court cannot determine whether these [transcripts] were necessarily obtained for use in the case or whether the amount of remuneration requested by Plaintiffs is reasonable. Hence, all of these costs must be DENIED.

*See also Walker*, 243 F. Supp 2d at 1309 ("Because the burden is on plaintiff to support his claim," the court rejected cost entries where "plaintiff failed to provide information sufficient to

9

support a finding that the amount at issue was taxable" and also simply "lumped nontaxable amounts with amounts that might have been recoverable, making a determination of the taxable amount impossible"). Thus, this Court should disallow SFWMD's claim for $26,213.68.

### E. Unlike SFWMD, The Tribe Is Entitled To An Award Of Costs And Fees

To the extent that any award of fees or costs is merited, it should be in favor of the Tribe and plaintiffs. The Tribe timely moved for fees and costs after the district court entered judgment in favor of plaintiffs. *See* D.E. 699. As noted, the Tribe and the plaintiffs clearly prevailed before the District Court and the defendants obtained the reversal only by changing the "rules" in the middle of the "game." After briefing was complete before the Eleventh Circuit, EPA issued the "unitary waters" Regulation and then promptly alerted the Eleventh Circuit to it by way of a supplemental authority letter.[2] Without further briefing, the Eleventh Circuit simply deferred to the agency's new Regulation. Absent that action by EPA, there is much to suggest that the Eleventh Circuit would have affirmed the District Court. *See Friends of the Everglades*, 570 F.3d at 1218 (noting the weight of authority "against the unitary waters theory" and that absent EPA's new Regulation, "we might make it unanimous").

If the Regulation is simply a clarification as defendants have argued, but not an attempt to change an unambiguous statute by way of agency action, as the Tribe has argued, then the Tribe prevailed in a key respect by forcing the EPA to clarify an area of the law that was open to debate and dispute. While the Tribe believes that this is not a clarification but a re-writing of the

---

[2] When EPA submitted the Fed. R. App. P. 28(j) letter, the Tribe objected because in this Circuit new issues cannot be raised for the first time on appeal through supplemental authority. *United States v. Smith*, 416 F.3d 1350, 1352 n.1 (11th Cir. 2005) (new issues cannot be raised in supplemental briefing, even if the issues arise based on intervening decisions or new developments cited in the supplemental authority).

statute, the defendants' position is that they have "clarified" the CWA. In fact, when EPA proposed the Rule, the agency stated that it meant to clarify the law and Congressional intent with respect to water transfers. *See* 71 Fed. Reg. at 32894 ("Today's proposed rule would ***clarify*** that Congress did not generally intend for the NPDES program to regulate the transfer of waters of the United States into another water of the United States.") (emphasis supplied). The need for clarification was brought to light by the efforts of the Tribe and the plaintiffs in this lawsuit; and the Tribe and plaintiffs served a valuable public interest in doing so. *See* Tribe's Motion to Intervene [D.E. 24] at 10 ("All parties hereto request clarification of the Defendant's obligation to abide by Clean Water Act standards, which ultimately and directly impacts on Tribal lands."); *see generally Sierra Club v. Hankinson*, 351 F.3d 1358, 1363 (11th Cir. 2003) (fee-shifting important in environmental suits because the plaintiffs help "ensure proper administrative implementation of the environmental statutes" and "obtain no financial benefit if they win") (quoting *Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 316-17 (4th Cir. 1988)). In fact, as a result of the lawsuit and the Rule, which EPA was required to draft in order to change the outcome of the lawsuit, plaintiffs as well as other parties now have the opportunity to challenge the Rule.

Thus, the Tribe and the plaintiffs prevailed in a key respect in this action. After a full victory in the District Court that was reversed only because of the defendant agency's actions, the Tribe and plaintiffs nonetheless obtained a clarification as to whether NPDES permits were required for the back-pumping at issue, and the opportunity to challenge this supposed

11

"clarification." Thus, the Tribe – and not SFWMD – is entitled to fees and costs here.[3]

## CONCLUSION

For the reasons argued above, the SFWMD is not entitled to costs against the Tribe, an Intervenor. Moreover, the SFWMD's Verified Motion should be denied as untimely under the Local Rules, as to 28 U.S.C. § 1920, and as meritless under 33 U.S.C. § 1365(d) of the CWA. Instead, the Court should award costs and fees to the Tribe and plaintiffs. Alternatively, the Court should require the parties to bear their own fees and costs.

Dated: February 10, 2011

      Respectfully submitted,

      s/ *Sonia Escobio O'Donnell*

      Sonia O'Donnell
      Florida Bar No.: 250643
      seo@jordenusa.com
      Jorden Burt LLP
      777 Brickell Ave Ste 500
      Miami, Florida 33131
      Telephone: (305) 347-6848
      ***Counsel for the Miccosukee Tribe of Indians of Florida***

---

[3] Alternatively, at a minimum, the Court should consider the end posture of the case a "draw" and order the parties to bear their own costs and fees. *See, e.g.*, *Kaepa, Inc. v. Achilles Corp.*, 216 F.3d 1080, at *6 (5th Cir. 2000) ("Courts of appeals have found no abuse of discretion by district courts that have ordered each party to bear its own costs when, as here, the cases end in a 'draw.'"); *Biomet Inc. v. TACT Medical Instruments Inc.*, 2005 WL 1563429, at *8 (N.D. Ind. June 30, 2005) ("Viewing the history of the litigation as a whole, the most reasonable appraisal of the outcome is that it was a draw. In cases like this, where there is no clear prevailing party, the Court has especially broad discretion in awarding costs. This discretion can include ordering each party to bear its own costs.") (citations omitted).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of February, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or, where specified, by other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing

By: s/ *Sonia O'Donnell*

## SERVICE LIST

*Friends of the Everglades, Inc., et al. v. South Florida Water Management District, et al.*

### CASE NO. 02-80309-CIV-ALTONAGA/Turnoff
### United States District Court Southern District of Florida

**James E. Nutt**
JNutt@sfwmd.gov
Michael Compagno
mcompagn@sfwmd.gov
3301 Gun Club Road, MSC 1410
West Palm Beach, FL 33406
Telephone:   (561) 682-6253
*Attorney for South Florida Water Management District*

**Dexter Lehtinen**
dwl@lehtinenlaw.com
7700 North Kendall Drive, Suite 303
Miami, Florida 33156
Telephone:   (305) 279-1166
*Attorneys for Plaintiffs* (formerly)

**David Guest**
dguest@earthjustice.org
Monica Reimer
mreimer@earthjustice.org
P.O. Box 1329
Tallahassee, Florida 32302
Telephone:   (850) 681-0031
*Attorneys for Florida Wildlife Federation*

**John E. Childe**
606 Pine Road
Palmyre, PA  17078
Telephone: (717) 832-0915
Facsimile: (717) 520-1351
*Attorney for Friends of the Everglades*
(via U.S. Mail)

**Andrew Doyle**
andrew.doyle@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone:   (202) 514-4427
*Attorney for the United States*

**Rick J. Burgess**
rburgess@gunster.com
Gunster, Yoakley & Stewart, P.A.
Broward Financial Centre, Suite 1400
450 E. Las Olas Blvd. Suite 1400
Fort Lauderdale, Florida 33301
Telephone:   (954) 462-2000
*Attorneys for United States Sugar Corp.*

**Daniel Thompson**
Berger Simgerman, P.A.
315 South Calhoun Street
Suite 712
Tallahassee, Florida 32301
Telephone: (850) 561-3010
*Attorneys for United States Sugar Corp.*