## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

Case No.02-80309-CIV-ALTONAGA

FRIENDS OF THE EVERGLADES,
et al.,

    Plaintiffs,

vs.

SOUTH FLORIDA WATER
MANAGEMENT DISTRICT, et al.,

    Defendants.

_____/

## REPLY IN SUPPORT OF VERIFIED MOTION FOR COSTS

Defendants, Carol Wehle, as executive director, and South Florida Water Management District ("District"), reply to Plaintiffs' response in opposition to the award of costs as follows:

Plaintiffs' assertion that the Defendants are not prevailing parties is baseless and dumbfounding. Indeed, the Eleventh Circuit already found the District is entitled to certain costs and awarded them in its mandate. D.E. 766. Thus, some of the costs being sought by the Defendants' Bill of Costs (D.E. 767) and this motion have already been awarded. It is incumbent upon this Court to follow and enforce that award.

Plaintiffs' tortured argument against awarding costs is predicated upon its misguided claim that the District prevailed solely due to a "change in the law." To the contrary, the rule to which the Eleventh Circuit deferred when deciding in the Defendants' favor merely codified the United States Environmental Protection Agency's ("EPA") longstanding interpretation of the Clean *Water Act. NPDES Water Transfers Rule*, 73 Fed. Reg. 33697 (June 13, 2008) (the "Rule"). Faced with this and other cases trying to change the law, EPA memorialized the position it had long applied throughout the Nation. As EPA explained in the Rule's preamble, the position taken is "consistent with the Agency's longstanding practice" and that, but for a few anomalies, water transfers have not been regulated under Section 402 of the Clean Water Act—exactly what the Plaintiffs sought to change through this lawsuit. The Rule reflected the state of the law, not any change to it. The District prevailed because the Court found the very position it took in defense of this lawsuit to be reasonable. It is Plaintiffs that failed to achieve a change in the law. That EPA agreed all along with the Defendants' litigating position takes nothing from their victory. Any suggestion that the Defendants' would not have otherwise prevailed is rank speculation.

Moreover, the Plaintiffs invoke an improper standard for assessing costs. As the very case they cite makes clear, if this were a case for attorney's fees, the Defendants would have to meet the high standard of demonstrating that the

Plaintiffs' case was frivolous, meritless or vexatious. *Coyne-Delaney Co. v. Capital Dev't. Bd. Of Ill*. 717 F.2d 385, 390 (7th Cir. 1983). But that decision continued:

> The rule is different for costs. Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs...." This language creates a presumption in favor of awarding costs. *Delta Air Lines, Inc. v. Colbert,* 692 F.2d 489, 490 (7th Cir.1982) ("where Rule 54(d) applies, the prevailing party is prima facie entitled to costs and the losing party must overcome that presumption"); *Gardner v. Southern Ry. Systems,* 675 F.2d 949, 954 (7th Cir.1982).

*Id.* Plaintiffs' factually and legally errant response does not meet its burden to overcome the presumption that the Defendants are entitled to costs.

Finally, the District timely filed its Bill of Cost under 28 U.S.C. §1927 within 30 days of the 11th Circuit mandate. *See* D.E. 767. Although, the Court "terminated" the Bill as improperly entitled a "motion," the requirements of the statute were met. Refiling, as Plaintiffs urge the District was required to do, was unnecessary. Regardless, the Plaintiffs concede the District's alternative motion for costs was timely.

WHREFORE, the Motion for Costs, or in the alternative, Bill of Costs should be granted and the costs sought awarded.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed on February 18, 2011, using the Court's CM/ECF system and, therefore, service was accomplished upon counsel of record by the Court's CM/ECF system.

Respectfully submitted,

BY: s/s James E. Nutt
James E. Nutt
Florida Bar No. 874868
South Florida Water Management District
3301 Gun Club Road, MSC 1410
West Palm Beach, FL 33406
(561) 682-6253 / Fax (561) 682-6276
Attorney for Carol Wehle and South
Florida Water Management District