02-80309.rr

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
Miami Division

Case Number: 02-80309-CIV-ALTONAGA/BROWN

FRIENDS OF THE EVERGLADES, et al.,

      Plaintiffs,

vs.

SOUTH FLORIDA WATER MANAGEMENT
DISTRICT, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

**This matter** is before this Court on Defendant's Verified Motion for an Award of Costs

(D.E. 770) filed January 24, 2011. This Court has reviewed the Motion, the Intervenor's Opposition

memorandum, and the Plaintiffs' Response thereto and is otherwise fully advised.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Friends of the Everglades, Fisherman Against Destruction of the Environment,

and The Florida Wildlife Federation (collectively, the "Plaintiffs"), filed this action against the South

Florida Water Management District ("SFWMD") alleging a violation of the Clean Water Act

("CWA") § 301(a) (33 U.S.C. § 1311(a)). The Miccosukee Tribe ("The Tribe") intervened as a

Plaintiff and the United States intervened as a Defendant on behalf of the Environmental Protection

Agency ("EPA") and the Army Corps of Engineers. In December 2006, the District Court held a

bench trial and ruled in favor of the Plaintiffs and The Tribe, rejecting SFWMD's "unitary waters"

theory.

In August 2007, The SFWMD filed an appeal with the Eleventh Circuit Court of Appeals

1

(D.E. 707). While the case was pending on appeal, the EPA issued a new regulation adopting the "unitary waters" theory. The Eleventh Circuit found the EPA's adoption of the "unitary waters" theory to be a reasonable interpretation of the statutory language in the CWA and reversed the District Court's decision. Friends of the Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210 (11th Cir. 2009). The Eleventh Circuit denied a rehearing en banc. Friends of the Everglades v. S. Fla. Water Mgmt. Dist., 605 F.3d 962 (11th Cir. 2010). Petitions for certiorari were filed and denied by the Supreme Court of the United States. Friends of the Everglades v. S. Fla. Water Mgmt. Dist., 131 S. Ct. 643 (2010); Miccosukee Tribe of Indians of Florida v. S. Fla. Water Mgmt. Dist., 131 S. Ct. 645 (2010). The Eleventh Circuit's mandate was issued on June 4, 2009. Attached to the mandate was the bill of costs from the Eleventh Circuit Court of Appeals.

## DISCUSSION

Defendant, the undisputed prevailing party on appeal, seeks to recover costs totaling $27,210.48. Defendant seeks the $541.80 cost amount shown on the mandate of the Court of Appeals, $26,213.68 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, and $455.00 for Fees of the Clerk in the Eleventh Circuit Court of Appeals.

Federal Rule of Appellate Procedure 39 deals with costs on appeal. The pertinent sections provide;

**(d) Bill of Costs: Objections; Insertion in Mandate.**
**(1)** A party who wants costs taxed must—within 14 days after entry of judgment—file with the circuit clerk, with proof of service, an itemized and verified bill of costs.
**(2)** Objections must be filed within 14 days after service of the bill of costs, unless the court extends the time.
**(3)** The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs. If the mandate issues before costs are finally determined, the district clerk must—upon the circuit clerk's request—add the statement of costs, or any amendment of it, to the mandate.

**(e) Costs on Appeal Taxable in the District Court.** The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

**(1)** the preparation and transmission of the record;

**(2)** the reporter's transcript, if needed to determine the appeal;

**(3)** premiums paid for a supersedeas bond of other bond to preserve rights pending appeal; and

**(4)** the fee for filing the notice of appeal.

Fed. R. App. P. 39(d), (e).

### I. Costs as Shown on Mandate of Court of Appeals

Pursuant to Federal Rule of Appellate Procedure 39(d), Defendant is entitled to $541.80 as

provided for on the Eleventh Circuit Court of Appeals' mandate.

### II. Costs for Printed or Electronically Recorded Transcripts
### Necessarily Obtained for Use in the Case

With respect to Defendant's request for $26,213.68 as fees for transcripts, Federal Rule of

Appellate Procedure 39(e)(2) provides that transcript costs may be taxable on appeal if they are

"*needed* to determine the appeal; . . ." Fed. R. App. P. 39(e)(2) (emphasis added). The language of

Rule 39 is similar to that of 28 U.S.C. § 1920 which the Eleventh Circuit has previously interpreted

and held that in order for the cost of a transcript to be taxable, the transcript must be "wholly  or

partially 'necessarily obtained for use in the case.'" EEOC, 213 F.3d at 621 (citing Newman v. A.E.

Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. 1981)) (quoting 28 U.S.C. § 1920(2)). While costs for

transcripts are recoverable if they were necessarily obtained for the case, costs incurred merely for

counsel's convenience are not recoverable. EEOC, 213 F.3d at 620.

Attachment three to Defendant's verified motion provides several dates and corresponding

dollar amounts and states that they were monies paid to "Barbara Medina - Court Reporter." From

the information Defendant has provided in its motion it is impossible to tell whether the costs

3

incurred were needed to determine the appeal or whether the costs were incurred merely for counsel's convenience. As a result, Defendant's request for $26,213.68 should be denied.[1]

### III. Fees of the Clerk of the Eleventh Circuit Court of Appeals.

Finally, Defendant requests $455.00 for fees of the Clerk for the Eleventh Circuit Court of Appeals. Federal Rule of Appellate Procedure 39(e) permits the District Court to tax as costs "the fee for filing the notice of appeal." Fed. R. App. P. 39(e)(4). However, Rule 39 only applies "*unless the law provides* or the court orders otherwise." Fed. R. App. P. 39(a) (emphasis added). This action was brought under the Clean Water Act ("CWA"). The CWA provides that the court "may award costs of litigation . . . whenever the court determines such an award is appropriate." 33 U.S.C. § 1365(d). In determining whether an award of costs to the Defendant in this case is appropriate it is necessary to look at the case law that has interpreted Section 505 of the CWA and other similarly worded federal statutes, as well as Congressional intent in drafting the CWA.

While there are very few cases interpreting Section 505 of the CWA there are many that interpret federal statutes that have exactly the same or substantially similar provisions. See, e.g., Ruckelshaus v. Sierra Club, 463 U.S. 680 (1983); Christiansburg v. Equal Opportunity Commission, 434 U.S. 412 (1978); Hensley v. Eckerhart, 461 U.S. 424(1983). The Supreme Court in Ruckelshaus stated that there are at least fifteen federal statutes that contain identical provisions for the awards of attorney's fees and costs[2]. Ruckelshaus examined the Clean Air Act, which also provided for

---

[1]The Court further finds that even if Defendant were to fix the "necessarily obtained" deficiency, it would still not be entitled to costs for the reasons set forth in following section.

[2] See, e.g., Clean Water Act, 33 U.S.C. § 1365(d); Toxic Substances Control Act, 15 U.S.C. § 2618(d); Endangered Species Act, 16 U.S.C. § 1540(g)(4); Surface Mining Control and Reclamation Act, 30 U.S.C. (Supp. IV) § 1270(d); Deep Seabed Hard Mineral Resources Act, 30 U.S.C. (Supp. IV) § 1427(d); Marine Protection, Research and Sanctuaries Act, 33 U.S.C. § 1415(g)(4); Deepwater Port Act, 33 U.S.C. § 1515(d); Safe Drinking Water Act, 42 U.S.C. § 300j-8(d); Noise Control Act, 42 U.S.C. § 4911(d); Energy Policy and

citizens to bring suit to enforce the Act and contained exactly the same language as the litigation costs provision in the CWA. The Court stated that the purpose of the Clean Air Act's litigation costs provision was to "check the 'multiplicity of [potentially meritless] suits,' that Congress feared would follow the authorization of suits under the Clean Air Act . . ." Id. at 692, 693. The Court also provided that "the purposes of the authority to award fees are not only to discourage frivolous litigation, but also to encourage litigation which will assure proper implementation and administration of the act . . ." Id. at 687.

The Supreme Court also addressed frivolous litigation in Christiansburg. The Court found "a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id. at 421. The Court's reasoned that: 1) Congress had chosen citizens as the instrumentality to enforce Title VII, and 2) when a district court awards fees and costs to plaintiffs it is because the defendant has in some way broken the law, and that consideration need not be made when considering awarding fees to a defendant.

The purpose of the CWA is clear and Section 101 of the act provides, "[t]he objective of this chapter is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters. . . ." 33 U.S.C. § 1251(a). In addition, Senate Conference Report number 92-1236 provides that CWA § 505 "establishes citizen participation in the enforcement of control requirements and regulations created in this Act" and that "[l]itigation costs *may* be awarded to *any* party if a court determines that such an award is *appropriate*." S. Rep. No. 92-1236, at 3822, 3823 (1972)

---

Conservation Act, 42 U.S.C. § 6305(d); Powerplant and Industrial Fuel Use Act, 42 U.S.C. (Supp. IV) § 8435(d); Ocean Thermal Energy Conversion Act, 42 U.S.C. (Supp. IV) § 9124(d); and Outer Continental Shelf Lands Act, 43 U.S.C. (Supp. IV) § 1349(a)(5).

(emphasis added). It is clear that Plaintiffs brought the suit in order to enforce the CWA. Furthermore, Plaintiffs were the prevailing party at the District Court level and may have prevailed on appeal had it not been for the subsequent change in the law.

Plaintiffs brought this suit in accordance with the general legislative intent of the CWA, and to tax significant costs against Plaintiffs would discourage future citizens from bringing suits under the CWA and run contrary to Congress' intent. Moreover, the action brought in the District Court was not "frivolous, unreasonable, or without foundation", as shown by the fact that Plaintiffs were the prevailing party in the original action. Nor was the case "meritless" under the theory set forth in Ruckelshaus. Awarding Defendant costs on appeal would run contrary to Supreme Court precedent as well as Congress' intent in enacting the CWA.[3]

## **RECOMMENDATION**

For the foregoing reasons, this Court respectfully recommends that Defendant's Verified Motion for an Award of Costs be **GRANTED** in part, and that the Defendant be awarded costs totaling $541.80 as shown on the Mandate of the Eleventh Circuit Court of Appeals, and **DENIED** with respect to the remainder of the motion.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Cecilia Altonaga, United States District Judge for the Southern District of Florida. Failure to file objections in a timely manner shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger,

---

[3]The Tribe, in its opposition memorandum to SFWMD's motion for costs, argues that not only is SFWMD not entitled to costs but in fact The Tribe is entitled to costs at the trial level. The Court declines to address this argument, as it was not properly brought in the form of a motion.

847 F.2d 745 (11th Cir. 1988), cert. denied., 488 U.S. 958 (1988).

      **DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of April, 2011.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    Honorable Cecilia M. Altonaga
       Counsel of record