02-80309.rr3

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 02-80309-CIV-ALTONAGA/BROWN

FRIENDS OF THE EVERGLADES, et al.,

    Plaintiffs,

vs.

SOUTH FLORIDA WATER MANAGEMENT
DISTRICT, et al.,

    Defendants.
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

**This matter** is before this Court on Defendant's Verified Motion for an Award of Costs (D.E. 770) filed January 24, 2011. This Court has reviewed the Motion, the Intervenor's Opposition memorandum, the Plaintiffs' Response, Defendants' Reply, the parties Objections to this Court's prior Report and Recommendation, and all pertinent portions of the record.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Friends of the Everglades, Fisherman Against Destruction of the Environment, and The Florida Wildlife Federation (collectively, the "Plaintiffs"), filed this action against the South Florida Water Management District ("SFWMD"), alleging a violation of the Clean Water Act ("CWA") § 301(a) (33 U.S.C. § 1311(a)). The Miccosukee Tribe ("The Tribe") intervened as a Plaintiff and the United States intervened as a Defendant on behalf of the Environmental Protection Agency ("EPA") and the Army Corps of Engineers. The Executive Director of the SFWMD was subsequently added as a Defendant.

In December 2006, the District Court held a bench trial and ruled in favor of the Plaintiffs

and The Tribe. The Court found that the pertinent portion of the CWA, 33 U.S.C. §1362(12), was not ambiguous, rejected SFWMD's "unitary waters" theory, and entered an injunction against the Executive Director of the SFWMD. The Court dismissed the SFWMD on grounds of Eleventh Amendment immunity.

In August 2007, Defendant Carol Wehle, as Executive Director of the SFWMD, filed an appeal with the Eleventh Circuit Court of Appeals (D.E. 707). Each of the Plaintiffs, as well as The Tribe were named as Appellees. Plaintiffs also filed a cross-appeal as to the dismissal of SFWMD. While the appeal was pending, the EPA issued a new regulation adopting the "unitary waters" theory.

By Judgment dated June 4, 2009, the Eleventh Circuit reversed the District Court's decision, finding that §1362(12) was ambiguous, and that the EPA's adoption of the "unitary waters" theory was a reasonable interpretation of the statutory language in the CWA, entitling it to deference pursuant to <u>Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984). <u>Friends of the Everglades v. S. Fla. Water Mgmt. Dist.</u>, 570 F.3d 1210 (11th Cir. 2009). The Eleventh Circuit denied a rehearing en banc. <u>Friends of the Everglades v. S. Fla. Water Mgmt. Dist.</u>, 605 F.3d 962 (11th Cir. 2010). Petitions for certiorari were filed and denied by the Supreme Court of the United States. <u>Friends of the Everglades v. S. Fla. Water Mgmt. Dist.</u>, 131 S. Ct. 643 (2010); <u>Miccosukee Tribe of Indians of Florida v. S. Fla. Water Mgmt. Dist.</u>, 131 S. Ct. 645 (2010).

The Eleventh Circuit's Mandate was issued on December 2, 2010. Attached to the mandate was a bill of costs in the amount of $541.80 entered by the Clerk of the Eleventh Circuit Court of Appeals in favor of Appellant Carol Wehle as Executive Director of the SFWMD and against "Appellee."

On January 3, 2011, SFWMD filed a Bill of Costs in this Court requesting an award of costs

2

of the $541.80 awarded by the appellate court, plus $455.00 for "Fees of the [Appellate] Clerk" and $26,213.68 for "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Because the bill of costs was uploaded on the Court's docket as a "motion," that same day, the District Judge issued an Order to the Clerk requiring him to "terminate" the "motion" and requiring SFWMD to "file a motion in accordance with Local Rules 7.1(a)(3) and 7.3."

On January 24, 2011, SFWMD and Carol Wehl, as Executive Director of the SFWMD (referred to herein collectively as "SFWMD") filed this Verified Motion for an Award of Costs, attaching the previously filed Bill of Costs and attached Invoices.[1] Plaintiffs object to the taxation of costs, and The Tribe filed an Opposition in which it both objects to the taxation of costs, and requests an award of fees and costs in its favor.[2]

On April 13, 2011, this Court issued its initial Report and Recommendation on the Motion, to which the SFWMD and the Tribe filed Objections. On May 16, 2011, the Honorable Cecilia M. Altonaga rejected this Court's previous Report and Recommendation, finding that in light of the parties' Objections, "additional consideration of the Motion ... is necessary," and re-referred the matter to the undersigned.

## DISCUSSION

---

[1] The Court rejects Plaintiffs' argument that the Motion was untimely because it was not filed within the thirty (30) time provided by Local Rule 7.3(c) which concerns "a bill of costs pursuant to 28 U.S.C. § 1920." Because Judge Altonaga required SFWMD to file a motion, the time provision of that Rule should not apply.

[2] The Court again declines to address the Tribe's request for fees and costs, which is improperly raised in its opposition memorandum. Although The Tribe did previously file a Verified Motion for Fees and Costs (D.E. 704), that motion was "termed" by the District Judge prior to briefing, pending settlement discussions, with instructions to the parties to "advise the [District Judge] of the results of their negotiations regarding the requested fees and costs, and to indicate their preferences concerning resuming briefing the issues of fees and costs while any appeals are pursued." Id. Should the Tribe believe it is entitled to fees and costs, it should move the District Court to reinstate its prior motion and impose a briefing schedule.

SFWMD seeks to recover costs pursuant to 33 U.S.C. § 1365(d) and Fed.R.Civ.P. Rule 54(d), as supplemented by 28 U.S.C. § 1920.

I. Clean Water Act

The CWA provides that the court "may award costs of litigation . . . whenever the court determines such an award is appropriate." 33 U.S.C. § 1365(d). In determining whether an award of costs to the Defendant in this case is appropriate it is necessary to look at the case law that has interpreted Section 505 of the CWA and other similarly worded federal statutes, as well as Congressional intent in drafting the CWA.

While there are very few cases interpreting Section 505 of the CWA there are many that interpret federal statutes that have exactly the same or substantially similar provisions. See, e.g., Ruckelshaus v. Sierra Club, 463 U.S. 680 (1983); Christiansburg v. Equal Opportunity Commission, 434 U.S. 412 (1978); Hensley v. Eckerhart, 461 U.S. 424 (1983). The Supreme Court in Ruckelshaus stated that there are at least fifteen federal statutes that contain identical provisions for the awards of attorney's fees and costs[3]. Ruckelshaus examined the Clean Air Act, which also provided for citizens to bring suit to enforce the Act and contained exactly the same language as the litigation costs provision in the CWA. The Court stated that the purpose of the Clean Air Act's litigation costs provision was to "check the 'multiplicity of [potentially meritless] suits,' that Congress feared would follow the authorization of suits under the Clean Air Act . . ." Id. at 692, 693. The Court also

---

[3] See, e.g., Clean Water Act, 33 U.S.C. § 1365(d); Toxic Substances Control Act, 15 U.S.C. § 2618(d); Endangered Species Act, 16 U.S.C. § 1540(g)(4); Surface Mining Control and Reclamation Act, 30 U.S.C. (Supp. IV) § 1270(d); Deep Seabed Hard Mineral Resources Act, 30 U.S.C. (Supp. IV) § 1427(d); Marine Protection, Research and Sanctuaries Act, 33 U.S.C. § 1415(g)(4); Deepwater Port Act, 33 U.S.C. § 1515(d); Safe Drinking Water Act, 42 U.S.C. § 300j-8(d); Noise Control Act, 42 U.S.C. § 4911(d); Energy Policy and Conservation Act, 42 U.S.C. § 6305(d); Powerplant and Industrial Fuel Use Act, 42 U.S.C. (Supp. IV) § 8435(d); Ocean Thermal Energy Conversion Act, 42 U.S.C. (Supp. IV) § 9124(d); and Outer Continental Shelf Lands Act, 43 U.S.C. (Supp. IV) § 1349(a)(5).

provided that "the purposes of the authority to award fees are not only to discourage frivolous litigation, but also to encourage litigation which will assure proper implementation and administration of the act . . ." Id. at 687.

The Supreme Court also addressed frivolous litigation in Christiansburg. The Court found "a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id. at 421. The Court's reasoned that: 1) Congress had chosen citizens as the instrumentality to enforce Title VII, and 2) when a district court awards fees and costs to plaintiffs it is because the defendant has in some way broken the law, and that consideration need not be made when considering awarding fees to a defendant.

The purpose of the CWA is clear and Section 101 of the act provides, "[t]he objective of this chapter is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters. . . ." 33 U.S.C. § 1251(a). In addition, Senate Conference Report number 92-1236 provides that CWA § 505 "establishes citizen participation in the enforcement of control requirements and regulations created in this Act" and that "[l]itigation costs *may* be awarded to *any* party if a court determines that such an award is *appropriate*." S. Rep. No. 92-1236, at 3822, 3823 (1972) (emphasis added).

Plaintiffs brought this suit in accordance with the general legislative intent of the CWA, and the action brought in the District Court was not "frivolous, unreasonable, or without foundation," as shown by the fact that Plaintiffs were the prevailing party in the original action. Nor was the case "meritless" under the theory set forth in Ruckelshaus. Awarding Defendant costs on appeal would run contrary to Supreme Court precedent as well as Congress' intent in enacting the CWA. Accordingly, this Court finds that SFWMD is not entitled to costs under 33 U.S.C. § 1365(d).

II. Taxable Costs under Federal Rule of Civil Procedure 54/
Federal Rule of Appellate Procedure 39[4]

SFWMD also requests taxable costs pursuant to Fed.R.Civ.P. Rule 54(d), as supplemented by 28 U.S.C. § 1920. Rule 54(d) provides that the prevailing party is entitled to costs "[u]nless a federal statute, [the Rules of Civil Procedure] or a court order provides otherwise." An item is recoverable as a cost under Rule 54(d) if it is enumerated in 28 U.S.C. §1920. Crawford Fitting Company v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). The Court finds that the SFWMD is the "prevailing party," as it is the party in whose favor judgment was ultimately rendered. See Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995).

SFWMD's request for the cost of transcripts falls within 28 U.S.C. §1920(2), which allows recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Although it was impossible for this Court to tell from the limited information provided in SFWMD's Motion, SFWMD subsequently filed a Notice of Filing Court Reporter Invoices which clarify that the transcripts were of hearings and the trial. The Court therefore finds that the transcripts were necessarily obtained for use in the case.

With respect to SFWMD's request for the Eleventh Circuit Court Clerk's fee, "[a]ppellate costs are taxed pursuant to [Federal Rule of Appellate Procedure 39(e) ], not Rule 54." Choice Hotels Intern., Inc. v. Kaushik, 203 F. Supp. 2d 1281, 1284 (M.D. Ala. 2002). Rule 39 provides that if a judgment is reversed, appellate costs are taxed against the appellee "unless the law provides or the court orders otherwise." Fed. R. App. P. 39(a). SFWMD's request for the Eleventh Circuit Court Clerk's fee falls within the parameters of Fed.R.App.P. 39(e)(4).

---

[4]The Court finds that the issue of whether to award of taxable costs is totally separate from and not dependent upon, a determination as to an award of attorneys fees and non-taxable costs under 33 U.S.C. § 1365(d). C.f. Mills by Mills v. Freeman, 118 F.3d 727, 735 n. 5 (11th Cir. 1997), superceded by Rule on other grounds by statute as stated in, Gray ex rel. Alexander v. Bostic, 613 F.3d 1035, 1043 n. 3 (11th Cir. 2010).

6

Under both Fed.R.Civ.P. 54(d) and Fed.R.App.P. 39, there is a presumption of an award of taxable costs in favor of a prevailing party, and the District Court retains discretion to decline to award costs only if there is a "sound reason" to do so. Campbell v. Rainbow City, Ala., 209 Fed. Appx. 873, 876 (11th Cir. 2006) (citing Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2000)); Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007). In Chapman, the Eleventh Circuit noted that "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered, [citation omitted], "since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation." Id. at 1039 (quoting Walters v. Roadway Express, Inc., 557 F.2d 521, 526 (5th Cir. 1977)).

Plaintiffs urge this Court to decline to award costs because the SFWMD was actively involved in urging the EPA to adopt the exemption by a new regulation, which, they argue, constitutes a "change in the law," and that this was the reason why the lower court's decision was reversed. Resp. p. 12. In support, Plaintiffs cite several cases in which Social Security claimants were denied prevailing party status for fees under the Equal Access to Justice Act where they failed to win their claims in the district court but were ultimately paid as a result of an amendment to the Disabilities Reform Act providing for payment of pending claims. The Court finds these cases distinguishable from the instant case, in that they involved attorneys fees, not taxable costs.

Plaintiffs also cite the Seventh Circuit Court of Appeals' decision in Coyne-Delany Co., Inc. v. Capital Dev. Bd. of the State of Illinois, 717 F.2d 385, 393 (7th Cir. 1983), where the court stated that a change in the law "is [not] always a good ground for denying costs and injunction damages to a prevailing party, but it is a legitimate consideration, perhaps especially where the prevailing party is a state agency that benefitted from a change in the law of its state." The SFWMD responds that they did not prevail due to a "change in the law," but rather:

> As EPA explained in the Rule's preamble, the position taken is "consistent with the Agency's longstanding practice" and that, but for a few anomalies,

7

> water transfers have not been regulated under Section 402 of the Clean Water Act - exactly what the Plaintiffs sought to change through this lawsuit. The Rule reflected the state of the law, not any change to it. The District prevailed because the Court found the very position it took in defense of this lawsuit to be reasonable. It is Plaintiffs that failed to achieve a change in the law. That EPA agreed all along with the Defendants' litigating position takes nothing from their victory.

Reply p. 2. This Court notes that in its opinion, the Eleventh Circuit stated that at the time the District Court's decision was rendered, "all of the existing precedent" was against the unitary waters theory and that the EPA's regulation was "a change. An important one." Friends of the Everglades, 570 F.3d at 1218. However, to the extent the regulation was a "change" it was adopted not by the SFWMD, but by the EPA. Moreover, regardless of whether the new regulation was a "change" in the law, the SFWMD's appeal was also successful to the extent that the Eleventh Circuit found §1362(12) of the CWA to be ambiguous, thus supporting the request for the appellate filing fee.

In light of the Eleventh Circuit's statement in Chambers that a decision not to award taxable costs is in the nature of a "penalty," the Court finds that there is no "sound reason" for denying the SFWMD the costs to which they are presumably entitled under Fed.R.Civ.P. 54 and Fed.R.App.P. 39.[5]

The Tribe argues that as an intervenor, it should not be held responsible for the payment of any taxable costs, citing case law which concerns fee awards under statutory provisions similar to those discussed in section I, *supra*. With respect to costs, the Court finds that due to its substantial involvement in this litigation, the Tribe should be treated "like any other prevailing or losing party, as the case may be." American Trucking Assoc., Inc. v. Interstate Commerce Comm'n, 666 F.2d 167, 169 (5th Cir. 1982). Any public interest which The Tribe promoted with respect to the purposes of the Clean Water Act could also be said of the Plaintiffs, against whom the Court finds that costs should be taxed.

---

[5]This Court's decision is not altered by Plaintiffs' argument that counsel for the SFWMD "advocated" for or was "engaged in debate over" the rule. See Resp. p. 9.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Defendant's Verified Motion for an Award of Costs be **GRANTED** in the amount of $27,210.48, against Plaintiffs Friends of the Everglades, Fisherman Against Destruction of the Environment, and The Florida Wildlife Federation and Intervenor The Miccosukee Tribe, and in favor of the SFWMD, to be borne equally, each to be responsible for $6,802.62.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Cecilia Altonaga, United States District Judge for the Southern District of Florida. Failure to file objections in a timely manner shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied., 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23th day of August, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Honorable Cecilia M. Altonaga
    Counsel of record