# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 25, 2012

Steven M. Larimore
United States District Court
400 N MIAMI AVE
MIAMI, FL 33128-1807

Appeal Number: 11-15053-DD
Case Style: Miccosukee Tribe of Indians of, et al v. South Florida Water Management, et al
District Court Docket No: 9:02-cv-80309-CMA

The enclosed judgment is hereby issued as the mandate of this court.

The record on appeal will be returned to you at a later date.

Bill of costs is enclosed.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Tonya Richardson/jsc
Phone #: (404) 335-6176

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 11-15053
_____

District Court Docket No.
9:02-cv-80309-CMA

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2012
JOHN LEY
CLERK

FRIENDS OF THE EVERGLADES, et al.,

    Plaintiffs - Counter Defendants,

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,
a Florida municipality,

    Intervenor Plaintiff - Counter Defendant - Appellant,

versus

SOUTH FLORIDA WATER MANAGEMENT DISTRICT,

    Defendant - Counter Claimant - Appellee,

HENRY DEAN, Executive Director,

    Defendant,

UNITED STATES OF AMERICA,
U.S. SUGAR CORPORATION,

    Intervenors - Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: April 30, 2012
For the Court: John Ley, Clerk of Court
By: Jeff R. Patch

Issued as Mandate:
June 25, 2012

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
Bill of Costs

Court of Appeals Docket No. _____11-15053-DD_____

Miccosukee Tribe of Indians of Florida  vs.  South Florida Water Management District, et al

A Bill of Costs should only be filed when the Clerk's Office has advised a party that the party is entitled to costs. FRAP 39 and 11th Cir. R. 39-1 govern costs taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) In-House | Repro. Method (Mark One) Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellant's Brief | ☐ | ☐ | | | | | |
| Record Excerpts | ☐ | ☐ | | | | | |
| Appellee's Brief | ☒ | ☐ | 16 | 6 | 96 | 14.40 | 14.40 |
| Reply Brief | ☐ | ☐ | | | | | |
| | ☐ | ☐ | | | | | |
| | ☐ | ☐ | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | TOTAL | $ 14.40 REQUESTED | $ 14.40 ALLOWED |

FILED U.S. COURT OF APPEALS ELEVENTH CIRCUIT MAY 02 2012 JOHN LEY CLERK

I hereby swear or affirm that the costs claimed were actually and necessarily incurred in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Signature: _[signed]_  Date Signed: 5-2-12
Attorney Name: James E. Nutt  Attorney for: South Florida Water Management District
 (Type or print your name)   (Type or print name of client)
E-mail: jenutt@sfwmd.gov  Phone: 561-682-6253
Street Address/City/State/Zip: 3301 Gun Club Road, West Palm Beach, FL 33406

FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ _$14.40_ against _Appellant_
and are payable directly to _Appellee_

John Ley, Clerk of Court
Issued on: 6/25/12  By: _Tina Patterson_
   Deputy Clerk

BOC 2/12

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15053
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:02-cv-80309-CMA

FRIENDS OF THE EVERGLADES, et al.,

                              Plaintiffs-Counter Defendants,

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,
a Florida municipality,

                              Intervenor Plaintiff-Counter
                              Defendant-Appellant,

versus

SOUTH FLORIDA WATER MANAGEMENT DISTRICT,

                              Defendant-Counter Claimant-
                              Appellee,

HENRY DEAN, Executive Director,

                              Defendant,

UNITED STATES OF AMERICA,
U.S. SUGAR CORPORATION,

                              Intervenors-Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 30, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Miccosukee Tribe of Indians of Florida (the Tribe) appeals the district court's denial of its motion for attorneys' fees. The district court found that the Tribe was not a "prevailing party" because, although the district court had ruled in its favor, the decision was overturned on appeal. After a thorough review, we affirm.

The complex history of this case is set out in *Friends of Everglades v. South Florida Water Management District*, 570 F.3d 1210, 1213-15 (11th Cir. 2009). In short, the Friends of the Everglades and Fishermen Against the Destruction of the Environment filed suit against the South Florida Water Management District (the Water District) under the Clean Water Act to enjoin the Water District from pumping polluted canal water into Lake Okeechobee. The Tribe joined the suit on the plaintiffs' side. After a two-month bench trial, the district court found in favor of the plaintiffs and issued an injunction to the executive director of the Water

2

District, requiring him to apply for a National Pollution Discharge Elimination System permit. *Id.* On appeal, this court reversed and remanded in relevant part, deferring to a recently-enacted EPA regulation that confirmed the permit was not required. *Id.*

While the case was pending on appeal, the Tribe filed a motion for attorneys' fees and costs totaling over $1.4 million. The Tribe asserted that it was the prevailing party and thus was entitled to fees under 33 U.S.C. § 1365(d). After this court reversed the district court's order on the injunction, the district court denied the motion for fees and costs, concluding that the Tribe was not the prevailing party and that equity did not call for the Tribe to obtain fees. This is the Tribe's appeal.

The Tribe argues that it was entitled to fees as the "prevailing party" because it achieved some form of relief, namely an injunction and the promulgation of the EPA's new rules. The Tribe further argues that equity required the court grant the motion for fees, as the Tribe had no control over the promulgation of the new rules and the court should consider the Water District's influence on the EPA to enact the rules.

We review the denial of a motion for attorneys' fees and costs for abuse of discretion. *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244

(11th Cir. 2009). We will find an abuse of discretion only when a decision is in clear error, the district court applied an incorrect legal standard or followed improper procedures, or when neither the district court's decision nor the record provide sufficient explanation to enable meaningful appellate review. *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010); *Cox Enters., Inc. v. News–Journal Corp.*, 510 F.3d 1350, 1360 (11th Cir. 2007).

Generally, parties pay their own fees and costs in connection with bringing a law suit unless some statutory fee-shifting provision permits the court to award fees to a "prevailing party." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla.*, 307 F.3d 1318, 1322 (11th Cir. 2002). Absent a contrary legislative directive, a "prevailing party" is one who prevails on "any significant issue" and thereby achieves some of the benefits sought by bringing suit. *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989). Here, the Clean Water Act specifically allows the court to award attorneys' fees and costs to "any prevailing or substantially prevailing party, whenever the court determines that such award is appropriate." 33 U.S.C. § 1365(d). A prevailing or substantially prevailing party is one who prevailed "in what the lawsuit originally sought to accomplish." *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1532 (11th Cir. 1996)

4

(citation omitted).  In other words, an award of attorneys' fees in a Clean Water Act suit is appropriate when the moving party has advanced the goals of the Act. *Chemical Mfrs. Ass'n v. United States Envtl. Prot. Agency*, 885 F.2d 1276, 1279 (5th Cir. 1989).

In addition to the "prevailing party" requirement, the district court must determine that the award is "appropriate."  33 U.S.C. § 1365(d); *Loggerhead Turtle*, 307 F.3d at 1323 (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983)). As the Supreme Court has explained, "the term 'appropriate' modifies but does not completely reject the traditional rule that a fee claimant must 'prevail' before it may recover attorney's fees." *Ruckelshaus*, 463 U.S. at 686.  Thus, "absent some degree of success on the merits by the claimant, it is not 'appropriate' for a federal court to award attorney's fees." *Id.* at 694; *see also id.* at 688 n.9 ("[T]rivial success on the merits, or purely procedural victories, would [not] justify an award of fees under statutes setting out the 'when appropriate' [ sic ] standard.").[1]  Thus, "there is unambiguous evidence that Congress intended the 'whenever . . . appropriate' fee provisions of the . . . Clean Water Act to allow fee awards to plaintiffs who do not obtain court-ordered relief but whose suit has a positive

---

[1] *Ruckelshaus* was a Clean Air Act case, but the Court explained that its holding applied to the use of "appropriate" in all statutes containing the "whenever . . . appropriate" standard. *Ruckelshaus*, 463 U.S. at 682 n.1.  Because the Clean Water Act uses this term, we apply *Ruckelshaus* here.

5

catalytic effect." *Loggerhead Turtle*, 307 F.3d at 1326.

The crux of the Tribe's argument on appeal is that it substantially prevailed because its lawsuit was the catalyst that prompted the EPA to enact the new rules, even though those rules were contrary to the Tribe's position. We disagree.

The Tribe did not prevail, or substantially prevail, in its suit. It did not obtain an injunction or a declaratory judgment entered in its favor; nor was there a settlement or consent decree. *See Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (discussing "prevailing party" under 42 U.S.C. § 1988 and concluding that the plaintiff was not a prevailing party because he did not obtain any relief on the merits of his claim); *see also Falanga v. State Bar of Ga.*, 150 F.3d 1333, 1347 (11th Cir. 1998) (reversing award of attorneys' fees because once the court of appeals reversed the district court's judgment, the plaintiffs were no longer the prevailing party). Indeed, the result the Tribe sought – an injunction requiring the Water District to obtain a permit – is exactly what the Tribe did not receive. All that can be said of the Tribe's action is that it led the EPA to promulgate rules contrary to the Tribe's position. We do not think this renders the Tribe a "substantially prevailing" party; nor is this is what was intended by the idea that a law suit has a positive catalytic effect.

The inclusion of the term "whenever . . . appropriate" supports our

conclusion here.  Although Congress intended to permit courts to award fees "to plaintiffs who do not obtain court-ordered relief but whose suit has a positive catalytic effect," it did not intend for this provision to extend to unsuccessful parties.  *See Loggerhead Turtle*, 307 F.3d at 1326 (citing *Ruckelshaus*, 463 U.S. at 686 n.8).  Essentially, the Tribe, as the losing party, seeks to obtain fees and costs from the winning party.  We cannot conclude that Congress intended such a result.  *See Ruckleshaus*, 463 U.S. at 684.

We also disagree with the Tribe that equity demands it receive fees and costs.  The Tribe bases its equity argument on its belief that the Water District influenced the EPA to enact a new rule contrary to the Tribe's position.  The Tribe cites no law in support of its claim on fees in this regard.  Given the level of deference in our review, we cannot conclude that the district court abused its discretion in this case.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 30, 2012

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 11-15053-DD
Case Style: Miccosukee Tribe of Indians of, et al v. South Florida Water Management, et al
District Court Docket No: 9:02-cv-80309-CMA

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tonya L. Richardson, DD at (404) 335-6176.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs